TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Omar Vallejo Dominguez*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Vallejo Dominguez, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **JURY TRIAL DEMAND** |
| Union Adjustment Company, Inc., a California corporation, | |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, OMAR VALLEJO DOMINGUEZ, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is Union Adjustment Company, Inc. ("Union Adjustment Company"), which is a California corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to FAMSA, Inc. with account number 57611301322**** in the amount of $964.00. FAMSA is a furniture store (the "Debt").

6. On or about August 14, 2015, Mr. Dominguez obtained his credit files and noticed that Defendant reported the Debt.

7. In 2015, Mr. Dominguez disputed the Debt with the credit bureaus on the following dates:

   a. September 21, 2015;
   b. October 21, 2015;
   c. December 2, 2015; and
   d. January 4, 2016.

8. Upon information and belief, Experian, Equifax, and Trans Union ("CRAs") forwarded Mr. Dominguez's consumer disputes to Union Adjustment Company each time he disputed it with the CRAs.

9. Mr. Dominguez disputed the Debt directly with the Defendant on the following dates:

   a. October 21, 2015;
   b. December 2, 2015; and
   c. March 14, 2016.

10. On or about March 8, 2016, Mr. Dominguez obtained his credit files and noticed that Defendant continued to report the Debt without indicating that he disputed it.

11. On or about July 6, 2016, Mr. Dominguez submitted another letter to Defendant, disputing the Debt.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12. On or about September 28, 2016, Mr. Dominguez obtained his Equifax credit file, which showed that Defendant failed to report the alleged Debt as disputed, in violation of the FDCPA.

13. Sometime prior to October 22, 2016, Mr. Dominguez applied for a Fry's credit card issued by First Electronic Bank.

14. Sometime prior to October 22, 2016, Mr. Dominguez received a letter from First Electronic Bank, denying him for a Fry's credit card. It stated that it obtained his credit score from Trans Union.

15. On or about December 1, 2016, Mr. Dominguez obtained his Trans Union credit report and noticed that Defendant failed to report the Debt in dispute status.

16. Defendant violated Mr. Dominguez's rights under the Fair Debt Collection Practices Act, causing him emotional distress, costs, and attorneys' fees.

## COUNT I-VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

4

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount or legal status of the debt. Defendant did this when it failed to report the Debt as disputed on Mr. Dominguez's Equifax and Trans Union credit reports after receiving numerous correspondences from Mr. Dominguez, stating that he disputed the Debt.

    b. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a dispute debt is disputed.  Defendant did this when it failed to flag the Debt as disputed on Mr. Dominguez's Equifax and Trans Union credit reports after receiving numerous correspondences from Mr. Dominguez, stating that he disputed the Debt.

    c. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt.

5

20.  Plaintiff has suffered emotional damages, including stress, anxiety, and irritation, and general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against Defendant:

a.  Actual damages;

b.  Statutory damages; and

c.  Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.


DATED: December 9, 2016                    KENT LAW OFFICES


By:___/s/  Trinette G. Kent_____
Trinette G. Kent
Attorneys for Plaintiff,
Omar Vallejo Dominguez

6